U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 19 2016

TONY R. MOORE CLERK
BY _____ MARTEEL
       DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JOAN MATEEL SIMPSON AND ANTHONY CARL VERCHER, Plaintiffs | CIVIL ACTION NO. 1:15-CV-02467 |
| VERSUS | CHIEF JUDGE DRELL |
| RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are: (1) a Motion to Dismiss (Doc. 2) filed by Defendant, Reliance Standard Life Insurance Company ("Reliance"); and (2) a Motion for Summary Judgment (Doc. 12) filed by Plaintiffs, Joan Marteel Simpson ("Simpson") and Carl Anthony Vercher ("Carl Vercher") (collectively, "Plaintiffs").

I. **Background**

  A.  **Factual background.**

On October 29, 2014, Robert Vercher died in a shootout with two deputies of the Natchitoches Parish Sheriff's Office. The shootout occurred at the Holy Cross Catholic Church in Natchitoches, Louisiana.

At the time of his death, Robert Vercher was employed at a Raising Cane's Chicken Fingers restaurant ("Cane's") in Natchitoches. As a Cane's employee, Robert Vercher was insured under a Group Life Insurance Program (the "Life Policy") and a Group Life and Accidental Death and Dismemberment Insurance Program (the "ADD Policy") sponsored by Cane's.

1

Plaintiffs are Robert Vercher's parents. On January 23, 2015, Plaintiffs filed a claim with Reliance for life and accidental death benefits. (Doc. 9-3, p. 8). On April 8, 2015, Reliance issued two checks to Plaintiffs, each in the amount of $32,604.52, for group term life insurance benefits plus statutory interest. (Doc. 9-3, pp. 66, 69). However, Reliance denied Plaintiffs' claim for ADD benefits. Reliance cited exclusions in the ADD Policy for "suicide or intentionally self-inflicted injuries" and injuries "sustained during the . . . commission or attempted commission of an assault or felony." (Id., pp. 67, 70).

B. **Procedural Background.**

On September 15, 2015, Plaintiffs filed suit against Reliance in the Tenth Judicial District Court in Natchitoches Parish. (Doc. 1-1). Defendants removed on October 2, 2015. (Doc. 1). On that same date, Defendants also filed the Motion to Dismiss (Doc. 2) under Fed. R. Civ. P. 12(b)(6). In the Motion to Dismiss, Defendants argue Plaintiffs' claims are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), and therefore, Plaintiffs' state law claims are completely preempted. Defendants also allege Plaintiffs failed to exhaust administrative remedies before filing suit, and improperly requested a trial by jury. Plaintiffs did not file an opposition to the Motion to Dismiss.

On November 3, 2015, the Court issued an "ERISA Case Management Order." (Doc. 8). The Court instructed the parties to, among other things, file a joint stipulation, statement, or motion for summary judgment regarding a number of issues, including whether ERISA governs the disputed plan, whether the plan

2

administrator has discretionary authority to determine benefits eligibility or interpret the disputed plan, and whether ERISA preempts all state law claims related to the disputed plan. (Id.).

On January 1, 2016, in compliance with the ERISA Case Management Order, Plaintiffs filed a Motion for Summary Judgment (Doc. 12). Plaintiffs admit that ERISA governs the ADD Policy, but deny that ERISA preempts all state law claims or that the plan administrator was vested with discretionary authority to determine eligibility for benefits or to interpret the ADD Policy. (Doc. 12-2, p. 2). Reliance opposes the Motion for Summary Judgment, and maintains its arguments regarding ERISA preemption and discretionary authority. (Doc. 14, p. 1).

Because the pending motion address overlapping issues, the Court now considers and rules upon the motions together.

## II. Law and Analysis

### A. The Motion for Summary Judgment

#### 1. Standards governing the Motion for Summary Judgment.

Under Fed. R. Civ. P. 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party bears the initial burden of establishing that there is no genuine dispute of material fact. Cuba v. Pylant, 814 F.3d 701, 720 (5th Cir. 2016). The burden then shifts to the nonmoving party to demonstrate a genuine issue of material fact for trial. See id. The nonmoving party "cannot defeat summary judgment with conclusory allegations, unsubstantiated

3

assertions, or 'only a scintilla of evidence." Celtic Marine Corp. v. James C. Justice Companies, Inc., 760 F.3d 477, 481 (5th Cir. 2014) (internal citations and quotations omitted).

Substantive law determines what facts are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. Therefore, "[a] genuine dispute of material fact means that 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Royal v. CCC & R Tres Arboles, L.L.C., 736 F.3d 396, 400 (5th Cir. 2013) (quoting Anderson, 477 U.S. 242 at 248).

In ruling on a motion for summary judgment, a court must draw all factual inferences in favor of the nonmoving party. Tiblier v. Dlabal, 743 F.3d 1004, 1007 (5th Cir. 2014). "When assessing whether a dispute to any material fact exists, [a court must] consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence." Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007).

### 2. ERISA Preempts Plaintiffs' claims under Louisiana law.

Plaintiffs concede that ERISA governs the ADD Policy. Plaintiffs further concede that their claims – implicitly, for benefits under the ADD Policy, and explicitly, for penalties under Louisiana "bad faith" statutes – are preempted by ERISA. (Doc. 16, p. 2); see Anderson v. Bus. Men's Assur. Co., CIV.A. 02-2212, 2003

WL 21305335, at *10 (E.D. La. June 5, 2003) (holding "bad faith" claims under former La. R.S. 22:1220 and 22:656 are preempted by ERISA).

The only remaining issue, then, is Plaintiff's argument that the ADD Policy is part of a "multiple employer welfare arrangement," or "MEWA."[1] Given Plaintiffs' concessions regarding preemption, it is unclear how this argument could possibly affect either pending motion. Nonetheless, the ADD Policy is not part of a MEWA.

A MEWA is "an employee welfare benefit plan, or any other arrangement (other than an employee welfare benefit plan), which is established or maintained for the purpose of offering or providing any [ERISA welfare benefits] *to the employees of two or more employers* (including one or more self-employed individuals), or to their beneficiaries." 29 U.S.C. § 1002(40) (emphasis added). "The term 'employer' means any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." Id. § 1002(5).

By definition, some MEWAs are not ERISA "employee welfare benefit plans." See MDPhysicians & Associates, Inc. v. State Bd. of Ins., 957 F.2d 178, 181 (5th Cir.1992). But also by definition, MEWAs provide welfare benefits to "employees of two or more unrelated employers." 3 ERISA Practice and Litigation § 12:23. The

---

[1] Plaintiffs correctly note that Congress created limited exceptions to ERISA's preemptive scope for "fully insured" MEWAs. See generally Custom Rail Employer Welfare Trust Fund v. Geeslin, 491 F.3d 233, 235-36 (5th Cir. 2007) (citing 29 U.S.C. § 1144(b)(6)(A)(i)). The exceptions apply principally to state regulations "necessary for the state to ensure solvency through requirements for reserve and contribution levels." Geeslin, 491 F.3d at 236. However, to fall within such an exception, a plan must, of course, be a MEWA in the first place.

5

participation of multiple independent employers is a foundational component of a MEWA.

In this case, Plaintiffs offer neither argument nor evidence that Cane's offers general welfare benefits coverage through a MEWA, or that the ADD Policy specifically is part of a MEWA. To the contrary, all evidence before the Court indicates that the ADD Policy is not part of a MEWA. Rather, it is clear that the ADD Policy was issued to just one employer, Cane's. (See Doc. 9-2, pp. 5, 36). Accordingly, the ADD Policy is not excluded from ERISA's preemption.[2] Plaintiff's Motion for Summary Judgment should be denied as to this issue.

### 3. The ADD Policy vests Reliance with discretionary authority.

Plaintiffs maintain that the ADD Policy does not confer discretionary authority upon Reliance. However, the ADD Policy contains the following statement regarding plan fiduciaries:

> Reliance Standard Life Insurance Company shall serve as the claims review fiduciary with respect to the insurance policy and the Plan. The claims review fiduciary has the discretionary authority to interpret the Plan and the insurance policy and to determine eligibility for benefits. Decisions by the claims review fiduciary shall be complete, final and binding on all parties.

(Doc. 9-2, p. 47). As Reliance correctly notes, this statement unambiguously vests Reliance with discretionary authority to interpret the terms of the ADD Policy and to

---

[2] Defendant correctly note that, even if the ADD Policy were part of a fully-insured MEWA, Plaintiffs' claims would still be preempted by ERISA. Plaintiffs have basically acknowledged as much in saying that ERISA "governs" the ADD Policy. And fully-insured MEWAs are subject to only limited, not all, state insurance regulations.

make benefits decisions. Plaintiffs' Motion for Summary Judgment should be denied in this respect as well.

### B. The Motion to Dismiss

#### 1. Standards governing the Motion to Dismiss.

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may grant a motion to dismiss for " failure to state a claim upon which relief can be granted. To survive a motion to dismiss, a complaint must assert facts which, if accepted as true, "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). The complaint must contain more than an "unadorned, the-defendant-unlawfully-harmed-me accusation," and may not rest upon mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. (internal citations and quotations omitted).

In deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded facts as true, and must view those facts in the light most favorable to the plaintiff. New Orleans City v. Ambac Assur. Corp., 815 F.3d 196, 199 (5th Cir. 2016). Moreover, while a court is generally "limited to considering the contents of the pleadings and the attachments thereto when deciding a motion to dismiss under Rule 12(b)(6)," a court may "'also consider '[d]ocuments that a

defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to her claim.'" Villarreal v. Wells Fargo Bank, N.A., 814 F.3d 763, 766-67 (5th Cir. 2016) (quoting Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99) (5th Cir. 2000).

### 2. Plaintiffs did not appeal Reliance's denial, and therefore, failed to exhaust administrative remedies.

"'[C]laimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits.'" McGowin v. ManPower Int'l, Inc., 363 F.3d 556, 559 (5th Cir. 2004) (quoting Bourgeois v. Pension Plan for Employees of Santa Fe Int'l Corp., 215 F.3d 475, 479 (5th Cir. 2000)). An ERISA plan may specify a deadline to file an administrative appeal, and that deadline should be enforced "unless . . . the period is unreasonably short, or . . . a 'controlling statute' prevents the limitations provision from taking effect." Heimeshoff v. Hartford Life & Acc. Ins. Co., 134 S.Ct. 604, 612, 187 L.Ed.2d 529 (2013).

Our circuit recognizes an exception to the exhaustion requirement where an administrative appeal would be "futile." Bourgeois, 215 F.3d at 479. However, "failure to show hostility or bias on the part of the administrative review committee is fatal to a claim of futility." McGowin v. ManPower Int'l, Inc., 363 F.3d 556, 559 (5th Cir. 2004). When an ERISA claimant fails to either exhaust administrative remedies or establish futility, dismissal is warranted. See, e.g., Moss v. Unum Grp., 15-30341, 2016 WL 424638, at *3 (5th Cir. Feb. 3, 2016) (affirming a district court's dismissal of a claim for disability benefits where the plaintiff failed to timely file an

administrative appeal); Gonzalez v. Aztex Advantage, 547 Fed.Appx. 424, 428 (5th Cir. 2013) (affirming dismissal of a plaintiff's claim for benefits under an occupational injury plan because the plaintiff filed an untimely appeal); Coop. Ben. Adm'rs, Inc. v. Ogden, 367 F.3d 323, 336 (5th Cir. 2004) ("As Ogden has not shown . . . that she exhausted her administrative remedies, or that her efforts to exhaust would have been futile, we must affirm the district court's conclusion that her counterclaim is barred for failure to exhaust . . . .").

Here, Reliance denied Plaintiffs' claim for ADD benefits on April 8, 2015. (Doc. 9-3, pp. 67, 70). Reliance relied upon ADD Policy exclusions for "suicide or intentionally self-inflicted injuries" and injuries "sustained during the . . . commission or attempted commission of an assault or felony." (Id.). Reliance then clearly set out its appeal procedure, inviting Plaintiffs to "request a review of this determination" by submitting a written request to a listed address within 60 days. (Id., pp. 68, 71). Reliance also plainly noted that any appeal "must be submitted within 60 days of your receipt of this letter to be considered). (Id.). Plaintiffs simply did not appeal Reliance's decision.[3]

Further, there is no indication that an appeal would have been futile, that the deadline to appeal was unreasonably short, or that any statute affected the deadline to appeal. Plaintiffs make no such arguments, and the Court finds no such evidence.

Accordingly, Plaintiffs' claims for ADD benefits should be dismissed for failure to exhaust administrative remedies.

---

[3] The Court finds no evidence of an appeal in the record, and Plaintiffs cite none in their briefs.

### III. Conclusion

The ADD Policy is not a MEWA. Accordingly, Plaintiffs' claims are not excluded from ERISA's broad preemptive scope. Further, Plaintiffs failed to appeal Reliance's April 8, 2015 denial of ADD benefits. Plaintiffs thus failed to exhaust administrative remedies before filing suit.

Accordingly,

IT IS RECOMMENDED that Motion for Summary Judgment filed by Plaintiffs (Doc. 12) be DENIED, as Plaintiffs' state law claims are preempted by ERISA, and as the disputed plan vests the administrator with discretionary authority.

IT IS FURTHER RECOMMENED that the Motion to Dismiss (Doc. 2) filed by Defendant be GRANTED, and that Plaintiffs' claims be DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 19th day of May, 2016.

Joseph H.L. Perez-Montes
United States Magistrate Judge